# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 25, 2015

150397 & (82)

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

EBONY WHITE, Conservator for MA'KIERAN
MOSS, Minor,
            Plaintiff-Appellee/Cross-Appellant,

v

HUTZEL WOMEN'S HOSPITAL, a/k/a
HARPER-HUTZEL HOSPITAL,
            Defendant-Appellant/
            Cross-Appellee,
and

SUSAN BERMAN, M.D., NICOLE MAHONEY,
M.D. and SHUKRI ABDULLAH, M.D.,
            Defendants.

_____/

SC: 150397
COA: 304221
Wayne CC: 08-106604-NH

On order of the Court, the application for leave to appeal the September 25, 2014 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered. Pursuant to MCR 7.305(H)(1), in lieu of granting the application for leave to appeal, we REVERSE the judgment of the Court of Appeals and we REMAND this case to the Wayne Circuit Court for entry of judgment in the defendant's favor. To establish proximate cause, a plaintiff must prove two elements: (1) cause in fact, and (2) legal, or proximate, cause. *Skinner v Square D Co,* 445 Mich 153, 162-163 (1994). A plaintiff proves that the defendant's conduct was a cause in fact of his injuries only if he sets forth specific facts in evidence which support a reasonable inference of a logical cause and effect. *Craig v Oakwood Hosp,* 471 Mich 67, 87-88 (2004). Here, the plaintiff's expert witnesses have failed to prove any causal connection between non-reassuring heart tones on the fetal heart monitor and the plaintiff's child's resultant cerebral palsy. Any causal connection is speculative at best. When viewed in a light most favorable to the plaintiff, the evidence fails to establish her claim as a matter of law. *Wilkinson v Lee,* 463 Mich 388, 391 (2000). The defendant was therefore entitled to judgment notwithstanding the verdict. *Id.*

The application for leave to appeal as cross-appellant is DENIED as moot.

BERNSTEIN, J. (*dissenting*).

I disfavor a peremptory reversal here because I believe that a jury is better suited than this Court to make the factual findings necessary for a determination of causation. I would deny leave to appeal and permit this case to continue to a new trial, as ordered by the Court of Appeals.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 25, 2015



Clerk

t0922